# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MICHAEL CARROLL #L1925**                                                                    **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO.: 2:12-cv-228-MTP**

**RON KING, ET AL.**                                                                           **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on the Motion for Summary Judgment [19] filed by Defendants Ron King and Johnnie Denmark. Having considered the submissions of the parties and the applicable law, the Court finds that the Defendants' Motion for Summary Judgment [19] should be granted.

## FACTUAL BACKGROUND

On December 5, 2012, Plaintiff Michael Carroll, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Through his Complaint, and as clarified during his *Spears*[1] hearing, Plaintiff asserts claims against Defendants Ron King and Johnnie Denmark. Plaintiff claims that while he was in maximum security for suicide watch, trusties stole his property.[2] Plaintiff alleges that he filed grievances through the Administrative Remedy Program ("ARP") regarding his stolen property, but he never received a response. Additionally, Plaintiff claims that King and Denmark, each, on separate occasions, promised to find the stolen property, but they did not. The allegations in Plaintiff's Complaint occurred while he was a post-conviction inmate at South Mississippi Correctional Institution, where he is currently housed.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's Spears hearing took place on December 18, 2013.

[2] The property allegedly taken included: a fan, a radio, various food items, stamps, mail, and an address book.

Plaintiff seeks to have his property replaced by the Defendants.  On February 14, 2014, Defendants filed their Motion for Summary Judgment [19].

**STANDARD FOR SUMMARY JUDGMENT**

This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).  If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712.

There, however, must be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations,"[3] unsubstantiated assertions,[4] or the presence of a "scintilla of evidence,"[5] is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

---

[3] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990).
[4] *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994).
[5] *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

**ANALYSIS**

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (quoting 42 U.S.C. § 1983). Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

Plaintiff alleges the Defendants allowed his property to be stolen by trusties. However, it is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002) (emphasis in original); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and §1983

3

suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff has not presented evidence demonstrating the personal involvement of either defendant in the theft. Accordingly, they cannot be held liable under Section 1983.

Additionally, even if the Defendants were personally involved in the theft of the Plaintiff's property, this claim would fail, because the intentional deprivation of property by state officials does not violate due process if adequate post-deprivation remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984) (holding even if property is intentionally deprived, the deprivation did not violate the Fourteenth Amendment since the State had provided respondent an adequate post deprivation remedy). This applies equally to negligent deprivation. See *Daniels v Williams*, 474 U.S. 327, 330 (1986). The State of Mississippi provides post-seizure remedies including: conversion, claim and delivery, and replevin. *Barrett v. Lawler*, 2009 WL 1364818 (S.D. Miss. 2009). The Fifth Circuit has found that Mississippi's post-deprivation remedies for civil *in forma pauperis* litigants satisfy due process. *See Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Accordingly, Plaintiff's claims against these defendants relating to the deprivation of his property should be dismissed.[6]

---

[6] There is an exception to the availability of post derivation remedies satisfying due process. Post deprivation remedies do not satisfy due process requirements where a deprivation of property is caused by conduct

Furthermore, Plaintiff named the Defendants because he failed to receive relief though the ARP. Under Section 1983, Plaintiff does not have a constitutional right to a grievance procedure, nor does he have a due process liberty interest to have the grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Even if the Defendants failed to adequately investigate the grievance, it would still not give rise to a cognizable claim. *Geiger,* 404 F.3d 371, 374; *see also Dehghani v. Vogelgesang,* 226 F. App'x 404, 406 (5th Cir. 2007). Therefore, the claim should be dismissed.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motions for Summary Judgment [19] should be granted. Accordingly,

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment [19] is GRANTED,

2. This action is dismissed with prejudice, and

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 13th day of June, 2014.

s/ Michael T. Parker
United States Magistrate Judge

---

pursuant to established state procedure, however if the deprivation is random and unauthorized the remedy suffices. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981); *Hudson*, 468 U.S. 517, 532. This exception is not applicable here. The property was not taken through an established procedure; Plaintiff alleges it was stolen.